## IN THE UNITED STATES DISTICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KAREN M. POWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No**: _____ |
| | ) | |
| | ) | |
| **MERCY HEALTH CENTER, INC.,** | ) | |
| **a/k/a  Mercy Hospital,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Karen M. Powell, and for her causes of action against the Defendant, alleges and states as follows:

### I.    PRELIMINARY STATEMENT

1.    This action arises under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et seq.,* the Civil Rights Acts of 1866 and 1991, as amended, and 42 U.S.C. § 1981 and the common law of the State of Oklahoma.  Plaintiff is seeking declaratory relief, injunctive relief and damages to redress the deprivation of her rights of freedom from discriminatory employment practices on the basis of race, gender, religion and unlawful retaliation by the Defendant, Mercy Health Center, Inc., d/b/a Mercy Hospital, a for profit corporation (hereinafter "Mercy").

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343,

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e)-5(f)(3),  42 U.S.C. §1981 and the United States Constitution, Fourteenth Amendment.  Additionally, Plaintiff invokes the Court's Supplemental Jurisdiction of Title 28 U.S.C  1367, for state law claims under the Oklahoma Anti-Discrimination Act, 25 O.S. § 1101 *et seq*.   The unlawful employment practices and discrimination alleged were committed within Oklahoma County, State of Oklahoma, and accordingly venue is proper pursuant to 28 U.S.C § 1391(b)(2).

3.      Plaintiff, Karen M. Powell, is an African-American (Black) female, a citizen of the United States, and a resident of the City of Oklahoma City, Oklahoma County,  within the jurisdiction of the Western District of Oklahoma. All acts and conduct complained of occurred within  Oklahoma County, where all unlawful employment practices were committed by Mercy through its officers, employees, servants or agents.  Since May 24, 2004, Plaintiff was employed by Mercy as Assistant  Nurse Manager in the rehabilitation unit of the facility. Shortly after being hired, Plaintiff was asked to assume the position, duties and responsibilities of Nurse Manager for Mercy, but did not receive wages and benefits commensurate with the Nurse Manager position. Plaintiff is an "employee" within the meaning of Section 701(f) of the Act, 42 U.S.C. § 2003e(f).

4.      Defendant, Mercy is a for profit business corporation, doing business in Oklahoma City and routinely conducts its business of providing health services in Oklahoma County.  Mercy is an "employer" within the meaning of 28 U.S.C. § 206 and 42 U.S.C § 2000e, and as such employer, it exceeds the statutorily-

required number of employees for purposes of Plaintiff's claims under Title VII. Further, Mercy through its providing of services and otherwise conducting business in Oklahoma City, and the County of Oklahoma  has subjected itself to the jurisdiction of this Court.  Mercy's registered agent in the State of Oklahoma is The Corporation Company, located at 120 North Robinson Avenue, Suite 735  at the First National Building, Oklahoma City, Oklahoma, 73102.  Accordingly, Mercy may be properly served by and through its registered agent.

### III.   <u>PROCEDURE</u>

5.      Within 300 days discovering of and/or of the occurrence or continuation of the acts of which this Complaint  is based, charges of discrimination were filed with the Equal Employment Opportunity Commission by the Plaintiff herein.

6.      Plaintiff received her Right to Sue letter from the Equal Employment Opportunity Commission on or about November 22, 2008, entitling her to institute a civil action in the appropriate forum within ninety (90) days of the date of receipt of said notice.  This action was initiated within the said ninety (90) days. A copy of  Plaintiff's right to sue letter is attached hereto and incorporated by reference as Exhibit No. 1.  Plaintiff has timely and properly exhausted her administrative remedies under Title VII.

### IV.   <u>ADDITIONAL FACTUAL ALLEGATIONS</u>

7.      At all time material to the allegations in the Complaint, Plaintiff was

qualified for the positions she held and those in which she applied for and performed her duties in an acceptable and satisfactory manner.   Moreover, Plaintiff was better qualified in terms of experience and education that other non-African-American and non-female employees who were similarly situated, but who were provided promotion opportunities denied Plaintiff.

8.      Only after a few months of being employed, Plaintiff was given the duties and responsibilities  of Nurse Manager but remained at the pay rate and scale for the lesser position of Assistant Nurse Manager.   After complaining about the disparate pay, Plaintiff was eventually given the title of Nurse Manager but Mercy deliberately refused to adequate pay Plaintiff wages and benefits given to other non-African-American persons similarly situated as Plaintiff for such position.

9.      During the course of her employment, Mercy had advanced employment positions for which Plaintiff was qualified, but such positions were either not regularly posted or improperly noticed.   Plaintiff was therefore never given the opportunity to apply for such positions and Mercy routinely placed other non-African-American employees in such better paying  management positions, despite these employees being less qualified than Plaintiff.   Accordingly, Plaintiff failed to receive promotions for which she was well qualified based on her race and gender.

10.     After Plaintiff began to complain about the disparate treatment she was receiving based on her race and gender she was retaliated against by Mercy to

include unwarranted disciplinary actions.

11.     Throughout the course of her employment at Mercy, Plaintiff became subjected to hostile working conditions and a hostile work environment, including, but not limited to, numerous instances whereby she was subjected to derogatory and racially inflamed comments from supervisors; denied access to information in which to perform her duties; denied facilities available to other non-African-American employees, and routinely publicly disparaged in the presence of her subordinate employees by other management personnel.  Mercy's conduct in this regard created a work environment for Plaintiff that was permeated with discriminatory  intimidation, ridicule, and insult that was so severe or pervasive that it altered Plaintiff's conditions of employment and constituted an abusive working environment.

12.     Upon further complaining internally about the hostile work environment and unlawful employment practices by Mercy, Plaintiff received unwarranted disciplinary action that included allegations that her work performance was substandard and of patient complaints when Mercy knew or should have known that such allegations were false.  Such disciplinary action was contrary to prior periodic evaluations and job performance reports which reflected Plaintiff's work as satisfactory.

13.     Plaintiff was routinely forced to conduct and participate in prayers and similar religious activities during the course of her employment despite her objection to doing so and despite the fact that other supervisory personnel did not

participate in such religious activities.  When Plaintiff was either unable to or failed to pray during the course of a meeting at Mercy, she was disciplined for such failure.  Such disciplinary action was unlawful and discriminatory.

14.     On or about May 11, 2007, Plaintiff was unlawfully terminated from her position by Mercy.  The reasons given by Mercy for the adverse employment action, were but pretext for the unlawful discrimination and employment violations by Mercy.  Further, recognizing that its termination of Plaintiff was but pretext, Mercy attempted to force Plaintiff to execute a "Release and Separation Agreement" which essentially would have Plaintiff waive the constitutional violations complained of herein.

## DISCRIMINATION IN
## VIOLATION OF TITLE VII and 42 U.S.C. §1981
[Race and/or Gender, Hostile Work Environment, Retaliation]

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through fourteen (14) as if fully restated herein, and further alleges and states:

15.      Plaintiff was hired by the Mercy  and began work on or about May 28, 2004.  She was employed as a full time employee, and her duties and responsibilities included provision of personal medical services in nurse management at Mercy.  During all relevant times of her employment, Plaintiff conducted herself in accordance with the rules, regulations and requirements of the position as Assistant Nurse Manager and Nurse Manager or related titles.

16.     Mercy, through its officers, employees, servants and agents engaged

in unlawful employment practices in violation of 42 U.S.C. §2000e *et seq.* and 42 U.S.C. 1981.   The discriminatory practices included, but were not limited to, subjecting the Plaintiff to a hostile work environment and denying her privileges of employment because of her  race, color and gender; subjecting the Plaintiff to unfavorable treatment and conditions in the workplace based upon her race, color and gender; subjecting Plaintiff to adverse employment actions resulting in termination on grounds which were a pretext for intentional race discrimination; and retaliating against Plaintiff for exercising her right to complain about such unlawful and discriminatory employment practices.

17.     Plaintiff was terminated from her position with the Defendant on or about May 11, 2007, for alleged disciplinary violations.   However, Mercy's official reason and  basis for termination was but a pretext for its underlying racial and gender discrimination, and retaliation against Plaintiff for exercising her rights against unlawful employment activities by Mercy.

18.     Plaintiff's gender as a  female was a significant factor in Defendant's conduct and adverse employment decisions against and related to Plaintiff, and the same was in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq.

19.     Mercy's conduct in terminating Plaintiff  was intentional and intended to further the pretexual basis of her termination, when such conduct was based solely upon Plaintiff's race and gender and in retaliation for Plaintiff exercising her constitutional right to be free from any form of discrimination.

Mercy's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by Title VII.

## DISCRIMINATION IN
## VIOLATION OF TITLE VII
[Failure To Promote]

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through nineteen (19) as if fully restated herein, and further alleges and states:

20.     Plaintiff is a member of a racial minority based upon her origin as an African-American female.  At all times material herein, Mercy was well aware of Plaintiff racial status.

21.     During the course of Plaintiff's employment with Mercy, she applied for or was otherwise denied the opportunity to apply for or sought positions at Mercy for which she was qualified for and otherwise eligible, and which Mercy held out such positions as being available.  Despite her qualifications Mercy both denied Plaintiff any promotion for such positions or otherwise secreted the availability of such positions from Plaintiff such that Plaintiff only learned of some positions after they had been filed by Mercy.  After denying Plaintiff promotion to such available positions, Mercy then filled such positions with individuals who were members of Plaintiff's protected class.

22.     Plaintiff's race was a significant factor in Mercy's conduct and adverse employment decisions resulting in Plaintiff being denied job promotions otherwise available,  and the same was in violation of Title VII of the 1964 Civil

8

Rights Act, as amended, 42 U.S.C. § 2000e et seq.

23.     Mercy's conduct in failing to promote Plaintiff  was intentional and was done in reckless disregard for Plaintiff's rights as protected by Title VII.

## DISCRIMINATION IN
## VIOLATION OF TITLE VII
[Religion]

Plaintiff hereby adopts the allegations contained in numerical paragraphs one (1) through twenty-three (23) as if fully restated herein, and further alleges and states:

24.     During the course of her employment with Mercy, Plaintiff was routinely forced to participate in prayer activities and required to conduct and lead prayers as a condition of her employment.

25.     Mercy's requirement that Plaintiff and other employees participate and conduct prayers as part and parcel and a condition of their employment resulted in Mercy being engaged in a pattern and practice of religious discrimination based on religion.

26.     Due to Plaintiff's failure to comply and follow the pattern and practice of praying during the course of her employment, Plaintiff received disciplinary conduct violations and was ultimately terminated based, in part, upon Mercy's discriminatory employment practices based upon religious practices and religious harassment.

27.     By forcing Plaintiff to participate in mandatory prayer services and related acts or religious observances and practice, Mercy, through its officers, employees,

servants and agents engaged in unlawful employment practices in violation of 42 U.S.C. §2000e-2(a)(a).   Mercy's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by Title VII.

## WRONGFUL DISCHARGE UNDER OKLAHOMA COMMON LAW AND RELATED STATE CLAIMS

Plaintiff incorporates by reference numerical paragraphs 1 through twenty-seven (27)  as though set forth fully herein and further asserts as follows:

28.   Defendants terminated Plaintiff's employment in violation of Oklahoma's public policy and such termination violates a clear and compelling policy which prohibits discrimination based upon gender, national origin, religion and retaliation.

29.   Defendants' conduct and actions were willful, intentional and with reckless disregard of Plaintiff's rights as protected by Oklahoma common law.

30.   As a result of the discriminatory practices of Mercy, and Plaintiff's subsequent and unjustified termination, Plaintiff has lost income and related benefits, was humiliated, embarrassed and suffered  severe emotional distress.

31.   During the course of her employment with Defendant, Plaintiff became vested in certain and several employment related benefits, bonuses and programs, each of which had monetary value which Plaintiff was eligible to receive.

32.   Because of Mercy's unlawful employment conduct, Plaintiff was denied such employment related benefits, bonuses and programs, and the same

were unlawfully withheld by Mercy and constituted a breach of contract and unlawful labor practices.

**WHEREFORE,** the Plaintiff prays for judgment against Mercy on the causes of action alleged herein as follows:

1.     That the Court issue a declaratory judgment that Mercy's acts, policies, practices and procedures complained herein violated Plaintiff's rights as secured under Title VII of the Civil Rights Act of 1964.

2.     That the Defendant, and all those acting in concert and at its direction, be permanently enjoined from engaging in any employment policy or practice, which discriminates against her on the basis of race, color,  gender, religion and retaliation.

3.     That an order issue against Mercy which would make whole the Plaintiff as she was adversely affected by the policies and practices described herein by providing appropriate back pay, lost wages, reimbursement for any lost pension, social security, experience, training opportunities and other benefits, bonuses or compensation in an amount to be shown at trial, and other affirmative relief as allowed by law.

4.     That an order issue against Mercy to compensate Plaintiff for intentional infliction of emotional distress associated with Mercy's unlawful conduct and discriminatory employment practices and related activities.

5.     That the court order Mercy to reinstate Plaintiff to a similar position, with similar pay and advancements at least in an amount equal to what she would

receive or would have received but for her unlawful termination, or alternatively for front pay in an amount to be determined.

6.    That judgment be entered against Mercy for general damages in an amount in excess of $250,000.00 against Defendant, plus and including  interest and costs and reasonable attorney fees, and for such other and further relief as may be available in law and equity.

Respectfully Submitted,


/s/Cynthia Rowe D'Antonio
CYNTHIA ROWE D'ANTONIO  OBA #19652
**THE LAW OFFICES OF SMITH & D'ANTONIO**
500 North Walker Avenue, Suite 100
Oklahoma City, OK 73112
Telephone: (405) 488-3800
Facsimile: (405) 488-3802
Email:  cynthiad@smithdantoniolaw.com

**ATTORNEYS FOR PLAINTIFF**


**ATTORNEYS LIEN CLAIMED**

**JURY TRIAL DEMANDED**