IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KAREN M. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-191-L |
| | ) | |
| MERCY HEALTH CENTER, INC., | ) | |
| a/k/a Mercy Hospital, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Plaintiff Karen M. Powell brings this action against defendant Mercy Health Center, Inc., a/k/a Mercy Hospital, alleging race, gender, and religious discrimination in employment. This matter is before the court on defendant's Motion for Summary Judgment **[Doc. No. 60]**. Plaintiff responded to the motion and defendant filed a reply brief.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of

Education v. Pico, 457 U.S. 853, 863 (1982). Before the burden shifts to the non-moving party to demonstrate a genuine issue, the moving party must meet its initial responsibility of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

As a preliminary matter, the court notes that it shares the defendant's concerns with plaintiff's affidavit, which is attached to plaintiff's response brief and was clearly prepared at the summary judgment stage. Because plaintiff often refers to her affidavit in responding to defendant's Motion for Summary Judgment in an attempt to strengthen her opposition to the defendant's facts, the court has carefully considered whether, and to what extent, plaintiff's affidavit should be disregarded. Defendant claims that plaintiff's affidavit contains several allegations that are directly contrary to her deposition testimony.

The court has the discretion to disregard an affidavit which conflicts with the affiant's prior deposition testimony. Barber v. Hallmark Cards, 74 F.3d 1248, 1249 (10th Cir. 1996). To determine whether a contradicting affidavit seeks to create a sham fact issue, the court looks at three factors. These factors are whether: (1) the affiant was cross-examined during her earlier testimony; (2) the affiant had access to the pertinent evidence at the time of her earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affidavit attempts to explain. Rios v. Bigler, 67 F.3d

1543, 1551 (10th Cir. 1995).

From the excerpts of plaintiff's deposition provided, it is clear that plaintiff's attorney was present at the deposition, thus any cross-examination or clarification could have occurred at the time of the deposition. It appears to the court that the "facts" referred to in plaintiff's affidavit would have been known to her at the time of her deposition. Although plaintiff claims to have only recently remembered certain events, there is no specific allegation that her later affidavit was based on newly discovered evidence. Further, there is no allegation that the affidavit is an effort to clarify any confusion existing at the time plaintiff testified at her deposition. To the extent the later affidavit provides inconsistent testimony in an attempt to defeat summary judgment, the affidavit would properly be considered a "sham affidavit," crafted merely to avoid summary judgment. Therefore, where appropriate, the court has disregarded plaintiff's affidavit when it contradicts or improperly expands on her earlier sworn testimony, without any reference to supporting evidence in the record. A conclusory and self-serving affidavit is not sufficient to avoid summary judgment. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Furthermore, affidavits based purely upon the beliefs of an affiant are not sufficient to create a factual dispute under Fed. R. Civ. P. 56(e). Tavery v. U.S., 32 F.3d 1423, 1426 n. 4 (10th Cir. 1994).

The parties do not disagree on the well-established authorities outlining the requirements plaintiff must meet to state a claim for discrimination. A plaintiff may

establish discrimination by means of the three-part framework enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  Under the McDonnell Douglas analysis, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).  If the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate nondiscriminatory reason for the adverse employment action. Id.  Should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons but were a pretext for discrimination.  Id.  Plaintiff has the ultimate burden of proving that defendant discriminated against her.  *See* Ortega v. Safeway Stores, Inc., 943 F.2d 1230, 1237 (10th Cir. 1991).  At the summary judgment stage, the court determines whether the evidence, interpreted in the light most favorable to plaintiff, "could persuade a reasonable jury that the employer had discriminated against the plaintiff." Jones v. Unisys Corp., 54 F.3d 624, 632 (10th Cir. 1995).  The "mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create dispute of fact that is 'genuine.'" Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997).

    The court has carefully reviewed the briefs and exhibits submitted by the parties.  Based on this review, the court agrees with defendant that plaintiff's

claims based on religious and gender discrimination cannot survive summary judgment. Regarding plaintiff's religious discrimination claim, Paragraph 13 of defendant's Statement of Undisputed Facts states:

> With respect to her claim for religious discrimination, it is undisputed that Plaintiff does not assert that she was discriminated against because of a religious belief. When specifically asked about this claim, Plaintiff admitted that the alleged reprimand for not praying was, in her opinion, another example of Mercy treating her differently than white nurses. [Deposition of Plaintiff, Ex. 1 to Defendant's Motion for Summary Judgment at p. 316, line 5 through p. 317, line 4; p. 319, line 4 through 20; p. 321, line 4 through 11.] Plaintiff testified:
>> Q. And you are not contending in this lawsuit that Mercy in any way violated some type of religious belief that you have, are you?
>> A. I don't know how to answer that. That's just another way of asking if I think they are – I answered that. **No, I don't think they are discriminating against me because of my religion.**
>
> [Id. at p. 316, line 5 through p. 317, line 4, emphasis by defendant.]

In her response, plaintiff admits defendant's Undisputed Fact No. 13, "insofar as it alleges a pure religious discrimination claim. . .". Therefore, it appears that plaintiff concedes that she is not pursuing a "pure" religious discrimination claim. The court finds that defendant is therefore entitled to judgment in its favor on plaintiff's separate claim based on religious discrimination. It is true that plaintiff asserts that "a reasonable jury might find that Mercy's conduct under the evidence incorporates religious doctrine as part and parcel of the hostile work environment and racial harassment complained of by Plaintiff and that the same has discriminatory religious undertones." The court is not entirely

5

clear as to the meaning of this statement.  However, the court is confident that the mere allegation of "discriminatory religious undertones" in connection with plaintiff's racial discrimination claim is not sufficient to support a separate claim of religious discrimination, particularly at the summary judgment stage.  Such a nebulous statement cannot support a religious discrimination claim as a matter of law.

Furthermore, the court finds that plaintiff has failed to meaningfully challenge, factually or legally, defendant's argument that it is a religious organization exempt from Title VII's prohibition against discrimination on the basis of religion. Accordingly, defendant is entitled to summary judgment on plaintiff's religious discrimination claim as a matter of law.

Upon careful review of the summary judgment record, the court also finds that judgment should be granted in defendant's favor on plaintiff's gender discrimination claim.  Plaintiff does not refute defendant's statement in Paragraph 16 of its Statement of Undisputed Facts that her gender discrimination claim is based solely on the fact that plaintiff applied for, but did not receive, a promotion. As pointed out in defendant's reply brief, plaintiff admitted in her deposition that the position she sought was never filled by anyone.  *See* Deposition of Plaintiff, Ex. 1 to Plaintiff's Objection to Motion for Summary Judgment, p. 325, line 8 through 12.  Therefore, plaintiff has failed to establish that her gender played a role in the alleged denial of the promotion.  Further, Paragraph 17 of defendant's

6

Statement of Undisputed Facts provides:

> Plaintiff has admitted at least eight times that she was not discriminated against on the basis of her gender. [Deposition of Plaintiff, Ex. 1 to Defendant's Motion for Summary Judgment at p. 169, line 24 through p. 170, line 22; p. 172, line 7 through 11; p. 176, line 12 through 17; p. 180, line 3 through 6; p. 181, line 9 through 13; p. 194, line 4 through 7; p. 205, line 17 through 19; p. 283, line 10 through 13.] Also, Plaintiff does not believe that she was reprimanded because of her gender. Id.

In response, plaintiff "admits so much of Defendant's [Undisputed Fact No. 17], insofar as the references speak for themselves." This admission supports a finding that plaintiff has failed to establish a claim for discrimination based on her gender. Similarly to her argument regarding her religious discrimination claim, however, plaintiff seems to draw a connection between her gender-based claim and her racial discrimination claim. For instance, plaintiff asserts that her gender claim is connected to defendant's "pattern and practice" of hiring white males. However, when the court considers the emphasis in plaintiff's brief on race discrimination and plaintiff's own statements that she was <u>not</u> discriminated against on the basis of her gender, the court concludes that plaintiff has failed point to sufficient evidence, at the summary judgment stage, to show that defendant discriminated against her on account of her gender. Accordingly, defendant is entitled to judgment on plaintiff's gender discrimination claim.

Upon careful review, the court determines that genuine issues of material fact are in dispute with respect to plaintiff's claims that she was discriminated

7

against on the basis of her race. Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Construing the facts and the inferences to be drawn therefrom in plaintiff's favor, the court finds that plaintiff's allegations of race discrimination, including hostile work environment and retaliation, are minimally sufficient to create a triable factual dispute. Further, this case presents issues regarding the credibility of the parties and the witnesses which should be resolved by a jury. Thus, summary judgment on plaintiff's race-based claims would be inappropriate. See Fed. R. Civ. P. 56(c). *See also* Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).

Accordingly, for the reasons stated, defendants' Motion for Summary Judgment **[Doc. No. 47]** is **GRANTED** as to plaintiff's claims based on religious and gender discrimination, and is **DENIED** as to plaintiff's race discrimination claims.

It is so ordered this 17th day of February, 2010.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge